USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 20, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANA MARITIME CO.,

                Plaintiff,

- against -

A&E PETROLEUM LIMITED,
a/k/a A&E PETROLEUM,

                Defendants.

**ORDER**

18 Civ. 4507

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Rana Maritime Co. commenced this action on May 22, 2018 by filing a Verified Complaint. (Dkt. No. 1) Plaintiff alleges that Defendant A&E Petroleum Limited breached a charter party dated March 10, 2017 for the chartering of the vessel MT Champion.

        Before the Court is Plaintiff's application for an ex parte order for maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of the application, Plaintiff has submitted the verified complaint, an affidavit describing counsel's efforts to serve Defendant in this District, the charter party between the parties, an arbitration award, and a press release and news article discussing a joint venture between Defendant and the proposed garnishee, Petrogress, Inc. (See Nast Aff.; Cmplt. (Dkt. No. 1); id. Exs. 1-3) Because Plaintiff has not plausibly alleged that the proposed garnishee is holding or is likely to hold property of the Defendant, or that it owes a debt to the Defendant, the application will be denied without prejudice.

## BACKGROUND

According to the Complaint, Plaintiff Rana Maritime Co. is a foreign corporation organized under Liberian law with an office and principal place of business in Liberia (Cmplt. (Dkt. No. 1) ¶ 6), and Defendant A&E Petroleum Limited is a Nigerian entity believed to be organized under Nigerian law with a place of business in Nigeria. (Id. ¶ 7)

Plaintiff chartered the MT Champion to Defendant for a "one time charter voyage period between Nigerian ports for a minimum period of ten (10) days." (Id. ¶ 8) The charter party provides that disputes will be arbitrated in London pursuant to English law. (Id. ¶ 9) A dispute arose between the parties concerning $136,047.92 in unpaid charter fees (id. ¶ 10), and the parties proceeded to arbitration before the London Maritime Arbitration Association. (Id. ¶ 11) The arbitration tribunal ruled for Plaintiff and awarded it $136,047.91, 5% interest, and costs. (Id. ¶ 17; see also Id. Ex. 2 (Arbitration Award) at 32-33)[1] Despite Plaintiff's demands, Defendant has not paid any portion of the arbitration award. (Id. ¶ 20)

In the Complaint, Plaintiff alleges on information and belief that the proposed garnishee – Petrogress, Inc. – is a Delaware corporation that "is believed to be holding or in control of property in the form of money, funds, or credits due and owing to the Defendant." (Id. ¶ 22) Plaintiff further alleges on information and belief that "Petrogress formed a joint venture together with Defendant A & E for the purpose of expanding Petrogress's operations in Nigeria." (Id. ¶ 23) Finally, Plaintiff alleges on information and belief that "Petrogress signed a memorandum of understanding with Defendant A & E to form a joint venture company." (Id. ¶ 24)

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

In support of these allegations, Plaintiff has submitted a February 13, 2018 Petrogress press release and a February 22, 2018 news article from www.businessdayonline.com. (Id. Ex. 3) These materials state that a Petrogress subsidiary – Petrogress International, LLC – has signed a memorandum of understanding with Defendant to form a joint venture company called P&A Nigeria Oil Co. Ltd. ("P&A"). (Id. Ex. 3 at 35) The press release states that "[t]he Partnership Agreement anticipates that [Petrogress International] and [Defendant] will contribute to the capital and own 55% and 45% of [P&A], respectively." (Id. Ex. 3 at 39) The press release also states that "[i]n furtherance of the proposed business of . . . [P&A], Petrogress plans to seek financing of up to $5 million to facilitate planned capital requirements." (Id.)

## DISCUSSION

### I. LEGAL STANDARD

Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . <u>in the hands of garnishees</u> named in the process.

Fed. R. Civ. P. Supp. AMC R. B(1)(a) (emphasis added).

> To secure an ex parte order of attachment under Rule B, a plaintiff "bears the burden of establishing a right to attachment." Jensen v. Rollinger, No. 13 Civ. 1095 (DAE), 2014 WL 4539660, at *2 (W.D. Tex. Sept. 11, 2014). The Rule requires the following showing. First, a plaintiff must file a "verified complaint praying for attachment" and "an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district." Fed. R. Civ. P. Supp. R. B(1)(a) and (b). Second, the complaint "may contain a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process." Id. at Supp. R. B(1)(a). Finally, the district court must then "review the complaint and affidavit and, if the conditions of . . . Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment." Id. at Supp. R. B(1)(b). If an attachment is ordered, "any person claiming an interest in [the attached property] shall be entitled to a prompt hearing at which the plaintiff

3

shall be required to show why the arrest or attachment should not be vacated or other relief granted." Id. at Supp. R. E(4)(f) ("Rule E hearing").

DS-Rendite Fonds Nr. 108 VLCC Ashna GMBH & Co Tankschiff KG v. Essar Capital Ams. Inc., 882 F.3d 44, 48-49 (2d Cir. 2018).

## II. ANALYSIS

### A. Defendant's Presence in this District

Plaintiff has filed a Verified Complaint requesting attachment (Cmplt. (Dkt. No. 1) at 6-7) and an affidavit stating that the Defendant cannot be located in the District. (Nast Aff.) Accordingly, the first requirement is met. See ContiChem LPG v. Parsons Shipping Co., 229 F.3d 426, 434 (2d Cir. 2000) ("Although a plaintiff seeking attachment must supply, along with its verified complaint, an affidavit stating that defendant cannot be found within the district, little else is required and there need only be a hearing after the attachment is served.").

### B. Evidence that Petrogress is Holding Defendant's Property

Plaintiff seeks an order of attachment concerning Defendant's property that is allegedly in the hands of Petrogress Inc.. (Cmplt. (Dkt. No. 1) at 6-7) As the Second Circuit stated in DS-Rendite, however, "there are limits to the ease of attachment under Rule B. An existing attachment order is not valid where the attachment and garnishment is 'served before the garnishee comes into possession of the property,' Reibor Int'l Ltd. v. Cargo Carriers (KACZ–CO.) Ltd., 759 F.2d 262, 263 (2d Cir. 1985) (affirming the vacatur of an attachment order), or where the garnishees do not 'owe[] a debt to the defendant at the time the order is served.' ContiChem, 229 F.3d at 434 (citing Reibor, 759 F.2d at 266) (same)." DS-Rendite, 882 F.3d at 49. An attachable interest exists where assets are being held "for the benefit" of the defendant or "in its name." Alaska Reefer Mgmt. LLC v. Network Shipping Ltd., 68 F. Supp. 3d 383, 387 (S.D.N.Y. 2014).

4

In connection with this "being held" requirement, "district courts have required a minimal specificity of factual allegations identifying the defendant's property to be attached before issuing Rule B attachments and holding Rule E hearings." DS-Rendite, 882 F.3d at 50. The Second Circuit applies "Twombly standards to the identification of the property to be attached under Rule B." Id. As such, "[i]n order to render the garnishee's possession of identifiable property of the defendant plausible, the facts alleged must provide sufficient specificity either as to the nature of the business relationship between the garnishee(s) and the defendant and/or the nature of the defendant's property subject to the attachment." Id.

Here, Plaintiff has attempted to satisfy this requirement by alleging that

> Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of a garnishee within the District including but not limited to [Petrogress Inc.] holding funds or other property which are believed to be due and owing to the Defendant.

(Cmplt. (Dkt. No. 1) ¶ 35) Plaintiff further alleges, on information and belief, that

> Petrogress formed a joint venture together with Defendant A & E for the purpose of expanding Petrogress's operations in Nigeria. . . . [A] capital investment of approximately $5 million was injected into the joint venture company. . . . Petrogress and Defendant A & E will hold 55% and 45% interests, respectively, in the joint venture company.

(Id. ¶¶ 23, 26, 27)

In support of these allegations, Plaintiff cites the Petrogress press release and the Business Day article attached to the Complaint, which state that Petrogress – through its subsidiary Petrogress International – has entered into a joint venture with Defendant, and that Petrogress International will hold 55% of the new company and that Defendant will hold a 45% interest. (Id. Ex. 3 at 35) The press release and article further state that "[t]he Partnership Agreement anticipates that [Petrogress International] and A&E Petroleum will contribute to the capital and own 55% and 45% of [P&A], respectively." (Id. Ex. 3 at 39)

5

Although the Complaint provides "sufficient specificity . . . as to the nature of the business relationship between the garnishee[] and the defendant," the Complaint does not plead facts making it plausible that Petrogress Inc. possesses, or will possess, "identifiable property of the defendant." DS-Rendite, 882 F.3d at 50. The Complaint and its exhibits do not demonstrate that Petrogress Inc. holds assets of Defendant or is indebted to Defendant as a result of the joint venture. Indeed, the Petrogress press release states that, "[i]n furtherance of the proposed business of [P&A], Petrogress plans to seek financing of up to $5 million to facilitate planned capital requirements." (Cmplt. Ex. 3 (Dkt. No. 1) at 39) While the planned capital financing suggests that P&A may become indebted to Petrogress, this allegation does not suggest that Petrogress currently owes a debt, or is likely to owe a debt, to Defendant, or that Petrogress is currently holding, or is likely to hold, Defendant's property. See DS-Rendite, 882 F.3d at 49 ("Even assuming arguendo that, as a general matter, the defendants and garnishees are somehow 'affiliates or subsidiaries' of the same 'group[,]' . . . it does not follow that there is a specific entitlement of one of the defendants to a debt owed by a garnishee, see Alaska Reefer Mgmt. LLC v. Network Shipping Ltd., 68 F.Supp.3d 383, 387 (S.D.N.Y. 2014), much less a debt that would be in the possession of the garnishee 'at the time the order is served,' ContiChem, 229 F.3d at 434.")

## **CONCLUSION**

Because Plaintiff has not plausibly alleged that Petrogress holds property of the Defendant or owes it a debt, Plaintiff's application for an ex parte order of maritime attachment is denied without prejudice.

Dated: New York, New York
June 20, 2018

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge